UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL D. GEE,

        Petitioner,

vs.                                  Case No. 3:13-cv-12-J-39PDB

SECRETARY, DOC, et al.,

        Respondents.

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Emergency Habeas Corpus Relief (Petition) (Doc. 1) pursuant to 28 U.S.C. § 2254 on December 18, 2012.[1]  He challenges his 2007 Nassau County conviction for unarmed robbery (case 383) and burglary of a dwelling (case 386).

Of import, under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk (of the United States District Court for the Northern District of Florida) on December 20, 2012; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (December 18, 2012).  See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Motion to Dismiss Petition for Habeas Corpus as

Untimely (Response) (Doc. 16).  In support of their contentions, they have submitted exhibits.[2]  (Doc. 16).  Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response.  See Court's Order (Doc. 10).  Petitioner filed a Motion to Enter judgment (Doc. 17) (Reply), which the Court construed to be Petitioner's response to the motion to dismiss.  See Order (Doc. 18).

The record shows the following.  Petitioner was charged in four cases (Case nos. 383, 384, 385 & 386).  Ex. A.  Petitioner sought dismissal of the charges alleging a violation of the Interstate Agreement on Detainers (IAD).[3]  Id.  The trial court denied the motion.  Ex. C.  Petitioner again sought dismissal of the charges and supplemented his second motion.  Ex. D.  The trial court denied the second motion.  Ex. E.  Petitioner sought relief from the First District Court of Appeal through a writ of prohibition.  Ex. F.  On April 19, 2007, the First District Court of Appeal denied the writ in a per curiam decision.  Ex. J.

On May 3, 2007, Petitioner signed a Plea of Guilty form (Case nos. 383 & 386), pleading guilty to count 1 in both cases.  Ex. K. On June 7, 2007, the court adjudicated Petitioner guilty, entered judgment, and sentenced Petitioner.  Ex. AA at 27-28.  He received

---

[2] The Court hereinafter refers to the exhibits as "Ex."

[3] Petitioner references pro se motions for fast and speedy trial.  Reply at 1 (with exhibits attached to the Reply).

consecutive ten-year sentences, concurrent with his sentences being served out of the State of Georgia.  Id.  No direct appeal was filed during the thirty-day period to file a notice of appeal.  Ex. PD-1 at 6; Response at 2.

Petitioner's conviction became final on Friday, July 13, 2007, upon expiration of the thirty-day period to file a notice of appeal.  The statute of limitations period began to run, and ran for 38 days, until Petitioner filed a Petition for Writ of Habeas Corpus for Belated Appeal on August 21, 2007, which tolled the time until it was dismissed by the First District Court of Appeal on October 31, 2007.  Ex. M; Ex. PD-2 at 2.  The limitations period resumed on Thursday, November 1, 2007, and ran for 203 untolled days, until Petitioner submitted a Rule 3.850 motion to the circuit court on May 22, 2008.  Ex. P at 1-9.  The limitations period remain tolled until issuance of the mandate on appeal after remand on September 12, 2011.  Ex. PD-2 at 5.

At this point, there were 124 days remaining in the one-year limitations period.  The statute of limitations period began to run on September 13, 2011 and expired on Tuesday, January 17, 2012 (the day following Martin Luther King Day, a federal holiday). Petitioner filed the instant federal Petition on December 18, 2012 pursuant to the mailbox rule.  Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

Of significance to this Court, "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Based on a review of the record, Petitioner has not met the burden of showing that equitable tolling is warranted.

Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner argues that his imprisonment is illegal and constitutes a manifest injustice because he was deprived of a fast and speedy trial under the IAD. As noted by Respondents, Petitioner does not claim actual innocence; instead, he asserts that his prosecution in state court was untimely. Response at 5.

Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Indeed, he does not claim actual innocence. Therefore, this Court will grant Respondents' Motion to Dismiss Petition for Habeas Corpus as Untimely, and dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Petition for Habeas Corpus as Untimely (Doc. 16) is **GRANTED**.

2. The Petition is **DISMISSED with prejudice**.

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/1
c:
Michael D. Gee
Counsel of Record

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.